**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**DONEL AVION REED,**

      Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.; CSC CREDIT SERVICES, INC.; TRANS UNION LLC; EQUIFAX CREDIT SERVICES, INC.; and PROVIDIAN FINANCIAL CORPORATION dba Providian National Bank;**

      Defendants.

Civil No. 02-3706 (DSD/JGL)

**O R D E R**

---

APPEARANCES

Thomas Lyons, Jr., Esq., for Plaintiff

Erik Girvan, Esq., for Defendant CSC Credit Services, Inc.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

    The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on May 29, 2003 on Defendant CSC Credit Service's Motion to Compel Discovery (Doc. No. 25). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

    Plaintiff Donel Avion Reed ("Reed") is suing Defendant CSC Credit Services ("CSC") for $150,000 based on denials of credit allegedly caused by inaccurate information from CSC. In his deposition, Reed testified that his

substantial income and credit history should have qualified him for any amount of credit. In order to defend against this claim, CSC wants Reed's tax returns for 1998-2001. CSC explains that Reed's income is relevant to whether he would have received the credit for which he applied. Although the tax returns include Reed's wife's income, CSC argues that the entire returns are relevant because Reed also testified that his wife applies for credit in his name, applies jointly for credit with him, and makes payments on debt incurred in his name. Reed responds that producing his tax returns would be unreasonably cumulative and duplicative and would invade his privacy. Furthermore, Reed asserts he has produced evidence of his income in the form of pay stubs.

Reed must produce his tax returns for the years 2000 and 2001.[1] The returns will be produced For Attorney's Eyes Only. Although the tax returns may contain private information, Reed is the party who put the amount of his income at issue. <u>Wiesenberger v. W.E. Hutton & Co.</u>, 35 F.R.D. 556, 557 (S.D.N.Y. 1964). Additionally, the pay stubs may not be evidence of all of Reed's income, and Reed did not provide pay stubs for all of the relevant years. Thus, information in the tax returns will not be duplicative of information already produced.

CSC also requests Reed's communications with creditors for the past five years, arguing they are relevant to the truth of Reed's testimony and

---

[1] The original document request asked for tax returns for the years 1998, 1999, 2000, and 2001. At the motion hearing, CSC said it would be satisfied with returns beginning in the year 2000.

his purported ability to obtain credit. In his deposition, Reed testified about his creditworthiness and his ability to secure credit on numerous occasions. Reed argues that his ability to obtain credit on other occasions is readily ascertainable from his credit reports, which are what potential creditors would have examined when determining whether to extend credit. Thus, information such as applications for credit, credit acceptances, and credit denials is already available to CSC.

Reed's communications with creditors need not be produced with an exception for the companies that denied credit based on information provided by CSC. At the hearing, Reed stated that these companies were Wells Fargo and CitiFinancial. Reed must produce any communications between him and these two creditors.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant CSC Credit Service's Motion to Compel Discovery (Doc. No. 25) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order.

Dated: May 30, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge

- 3 -